1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE EASTERN DISTRICT OF CALIFORNIA

9 ALAN BALDASARI,

10         Plaintiff,                  No. CIV S-04-2622 GGH

11    vs.

12
JO ANNE B. BARNHART,        <u>ORDER</u>
13 Commissioner of
Social Security,
14
        Defendant.
15 _____/

16         Plaintiff seeks judicial review of a final decision of the Commissioner of Social

17 Security ("Commissioner") denying his application for Supplemental Security Income ("SSI")

18 under Title XVI of the Social Security Act ("Act").  For the reasons that follow, the court

19 recommends that plaintiff's Motion for Summary Judgment be GRANTED, that the

20 Commissioner's Cross Motion for Summary Judgment be DENIED, that the Clerk be directed to

21 enter judgment for the plaintiff, and that this matter be remanded to the Commissioner for further

22 development of the record.

23 <u>BACKGROUND</u>

24         Plaintiff, born October 4, 1962, applied on September 15, 1994, for disability

25 benefits.  (Tr. at 73.)  On April 12, 1995, the plaintiff began receiving benefits due to

26 schizophrenic, paranoid, and other psychotic disorders meeting listing 12.03.  <u>See</u> 20 C.F.R. Pt

1

404, Subpt. P, App. 1, §§ 12.03.  Benefits continued until March 2003, when the Commissioner

determined that the plaintiff's condition had improved and he was able to work. (Tr. at 57-58.)

Plaintiff appealed this determination.

In a decision dated May 22, 2004, Administrative Law Judge (ALJ) Stanley R.

Hogg determined that the plaintiff was not disabled.  The ALJ made the following findings:[1]

> 1. The claimant was found to be disabled within the meaning of the Social Security Act beginning September 1, 1994.
>
> 2. The medical evidence establishes that the claimant currently has a bipolar disorder.
>
> 3. The medical evidence establishes that the claimant does not have an impairment or combination of impairments which meets or equals the severity of an impairment listed in Appendix 1, Subpart P, Regulations No. 4.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.   Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:
> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.
Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).
The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

4.    The impairments present as of September 1999, the time of the most recent favorable medical decision that the claimant continued to be disabled, was schizophrenic, paranoid, and other psychotic disorders.

5.    The medical evidence establishes that there has been improvement in the claimant's medical impairment since 1999.

6.    This medical improvement is related to the claimant's ability to work.

7.    The medical evidence establishes that the claimant currently has an impairment or combination of impairments which is severe.

8.    His subjective complaints were credited as discussed in the body of the decision (SSR 96-6p).

9.    Beginning January 2003 the claimant has the residual functional capacity to perform an unlimited range of work physically and mentally perform simple routine tasks with co-worker and public contact.  He has no limitations in responding appropriately to supervisors, usual work situations, or dealing with changes in routine work setting (20 CFR § 416.945).

10.   The claimant is unable to perform his past relevant work as home attendant.

11.   As of January 2003, the claimant was 40 years old, which is defined as a younger individual (20 CFR § 416.963).

12.   The claimant has 16 years of formal education (20 CFR § 416.964).

13.   The claimant does not have any acquired work skills which are transferable to the skilled or semiskilled work functions of other work (20 CFR 416.968).

14.   The claimant's nonexertional limitations do not significantly compromise his abilities to perform work at all exertional levels.

15.   Based on the testimony of the vocational expert, the undersigned concludes that considering the claimant's age, educational background, work experience, and residual functional capacity, he is able to make a successful adjustment to work that exists in significant numbers in the national economy.  A finding of "not disabled" is therefore reached within the framework of Medical-Vocational

1   Section 204.00 and SSR 85-15.  Examples of such jobs are light bicycle assembler, SVP 2, with 50,000 in the state of
2   California; grader and sorter, SVP 2, with 8,800 in the state of California; and non construction laborer, laundry folder,
3   SVP 2, with 60,000 in the state of California.

4      16.   The claimant's disability ceased on January 1, 2003 (20 CFR § 16.994(b)(5)(viii)).

5

6   (Tr. at 18-19.)

7   ISSUES PRESENTED

8      Plaintiff has raised the following issues: A.  Whether the ALJ Failed to Obtain a

9   Meaningful Waiver of His Right to Counsel; and B. Whether the ALJ Erred in Relying Upon the

10  Responses by a Vocational Expert to Hypothetical Questions.

11  LEGAL STANDARDS

12     The court reviews the Commissioner's decision to determine whether (1) it is

13  based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in

14  the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999).

15  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Saelee v.

16  Chater, 94 F.3d 520, 521 (9th Cir. 1996).  "'It means such evidence as a reasonable mind might

17  accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct.

18  1420 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206

19  (1938).  "The ALJ is responsible for determining credibility, resolving conflicts in medical

20  testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir.

21  2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

22  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

23  Thomas v. Barnhart, 278  F.3d 947, 954 (9th Cir. 2002).

24  \\\\\

25  \\\\\

26  \\\\\

4

1   ANALYSIS

2          A.   The Testimony of the Vocational Expert Does Not Support a Conclusion That

3   Plaintiff is Disabled

4          The plaintiff asserts that the ALJ improperly relied upon the responses of a

5   vocational expert (VE) to render his decision.  Furthermore, the plaintiff argues that the

6   hypothetical presented by the ALJ to the VE was incomplete and conclusory, and suggested the

7   answer the ALJ desired to hear.  The plaintiff contends that these defects tainted the decision of

8   the ALJ and warrant reversal by this court.

9          Hypothetical questions posed to a vocational expert must include all the

10  substantial, supported physical and mental functional limitations of the particular claimant.

11  Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir.1995); see Light v. Social Sec. Admin., 119 F.3d

12  789, 793 (9th Cir.1997).  If a hypothetical does not reflect all the functional limitations, the

13  expert's testimony as to available jobs in the national economy has no evidentiary value.

14  DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).  But see Thomas v. Barnhart, 278 F.3d

15  947 (9th Cir. 2002) (approving hypothetical directing VE to credit specific testimony which VE

16  had just heard); Matthews v. Shalala, 10 F.3d 678 (9th Cir. 1993) (failing to include all

17  limitations in a hypothetical may be harmless error if the ALJ's conclusions are supported by

18  other reliable evidence).  While the ALJ may pose to the expert a range of hypothetical questions,

19  based on alternate interpretations of the evidence, substantial evidence must support the

20  hypothetical which ultimately serves as the basis for the ALJ's determination.  Embrey v. Bowen,

21  849 F.2d 418, 422 (9th Cir. 1988).

22         The ALJ posed a hypothetical to the VE that encompassed two restrictions on the

23  conditions of work that might be performed by the plaintiff.  The hypothetical concerned the

24  plaintiff's possible conditions of employment.  First, that the employment would require

25  infrequent interaction with the public.  (Tr. at 31.)  Second, that the work would require only

26  occasional interaction with coworkers and supervisors.  (Tr. at 32.)  Encompassed in this

1   hypothetical was a restriction on the category of employment that the plaintiff could perform.

2   Specifically, the plaintiff was limited to unskilled work.  Both of these hypothetical restrictions

3   involving unskilled work resulted in the same conclusion by the VE: that the claimant is capable

4   of performing work that exists in substantial numbers in the national economy.  (Tr. at 19.)

5           Given the issues of this case, this hypothetical reflecting limitations on the

6   conditions of potential employment are incomplete and do not constitute the substantial evidence

7   necessary to support the ALJ's conclusions.  The ALJ posed a hypothetical to the VE which

8   included the State Agency's (SA) assessment that the plaintiff is "capable of simple routine

9   tasks...with decreased contact with coworkers and public" (Tr. at 226) and encompassed the

10  plaintiff's limitations on social interaction.  (Tr. at 228.)  However, the record fails to show that

11  the VE considered the additional limitations presented in the SA report and other medical

12  evidence; including moderate impairment in concentration, persistence, pace, and adaption.  Id.

13  All of these impairments appear in the case summary from the SA, as well as the hand-written

14  notes of an additional reviewing physician.  (Tr. at 227-228, 241, 246, 247.)

15          And while the plaintiff's moderately limited ability to work in close proximity to

16  others without being distracted by them is expressly encompassed in a hypothetical limiting

17  contact with coworkers or supervisors, it is not apparent in the record how the plaintiff's other

18  moderate limitations were expressly or impliedly addressed by the category of work presented by

19  the ALJ.  For instance, the plaintiff's difficulties understanding complex instructions is impliedly

20  included within the definition of unskilled work.  However, nothing in the hypotheticals or

21  definition of unskilled work expressly or impliedly addresses his inability to maintain attention

22  and concentration for extended periods, complete a normal work day and week, and respond to

23  changes in the workplace.  Indeed, given the fact that the ALJ's hypotheticals inquired into what

24  professions would be available for the plaintiff, the plaintiff's ability to in fact work a full day or

25  week at those professions would appear to be a relevant factor in the analysis.

26  \\\\\

1    Furthermore, while the record indicates the VE reviewed the SA assessment and

2   medical reports prior to his testimony (Tr. at 30), there is no indication that the VE included that

3   information in the opinions that he offered.  At no time did the ALJ ask the VE to credit the

4   record in making his assessment.  See Thomas, 278 F.3d at 956 (upholding hypothetical where

5   ALJ asked the VE to credit fully a specific portion of the record which she had just heard);

6   Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir. 1995) (refusing to assume that a VE who

7   listened to all of the medical testimony ventured beyond the ALJ's hypothetical and incorporated

8   the medical evidence into his answer).  Rather, it appears from the record that the VE responded

9   solely to the hypothetical, offering no more or less than an answer to the question presented.

10    In Andrews, 53 F.3d at 1044, the ALJ determined the plaintiff was not limited in

11   any category, despite the finding by a reviewing physician in the case of six moderate limitations.

12   In that case, the ALJ adopted the findings of the reviewing physician, yet failed to pose

13   hypotheticals which addressed the moderate limitations identified by him, including two

14   limitations in the category of adaption.  Id. at 1043-44.  In the relevant part of his hypothetical,

15   the ALJ asked the VE:

16       I do not want you to assume...we...have an individual who should have an
         occupation that involves minimal interaction.  Weren't frequent [sic] dealing
17       with the public and coworkers...[W]ould the carpenter's labor be able to be
         performed under those restrictions.
18

19   Id. at 1044.  The court determined that this hypothetical refers only to "[the claimant's] social

20   limitations and not to his moderate limitations in other areas."  Id.  Consequently, the "ALJ's

21   hypothetical was insufficient to carry the secretary's burden of proving ability to engage in work

22   in the national economy."  Id.

23    Similarly, in this case, the ALJ stated that he was adopting the findings of the

24   reviewing physician at the SA.  (Tr. at 16, 18.)  However, the hypothetical posed to the VE failed

25   to include all of the moderate limitations identified by the reviewing physician.  These limitations

26   included the plaintiff's moderate limitations in the pace, persistence, and adaption.  Just as such

7

hypotheticals were deficient in <u>Andrews</u>, so too are they deficient in this case.

Neither the conditions on work imposed by the ALJ's hypotheticals or the categories of work considered by the VE address all of the plaintiff's relevant limitations. The hypotheticals do not address the numerous moderate limitations recognized by the medical evidence. As noted by the SA (and discussed by the ALJ in his decision (Tr. at 16)), the claimant is moderately limited in the areas of concentration, persistence, pace, adaption, and understanding and memory. (Tr. at 227, 228.) While the ALJ encompassed some of these limitations in his hypotheticals through direct inclusion, or by implication, his failure to include all of the limitations that are supported by the evidence in the record was in error.

Because they do not include a number of relevant limitations in the plaintiff's ability to provide some of the basic skills required by any employer, the hypotheticals utilized by the ALJ fail to encompass the full range of issues affecting the plaintiff. Furthermore, there is insufficient other reliable evidence in the record to support the ALJ's conclusions. As a result, the conclusions of the ALJ can not be upheld and remand is necessary.

<u>CONCLUSION</u>

If additional administrative proceedings would remedy the defects in the decision, remand is appropriate. <u>Salvador v. Sullivan</u>, 917 F.2d 13, 15 (9th Cir. 1990); <u>Barbato v. Commissioner of Social Security Admin.</u>, 923 F. Supp. 1273, 1277-78 (C.D.Cal. 1996). The court concludes, as did <u>Barbato</u>, that this case should be remanded for further administrative proceedings to enable the ALJ to obtain a more complete record, and to avoid the possibility of an inequitable result. Because the court has determined that this matter must be remanded for further proceedings, the court need not determine plaintiff's other assertions of error. However, nothing the court has stated herein should be taken as an opinion that claimant is, in fact, unable to work at any level.

In sum, the court finds the ALJ's assessment is not fully supported by substantial evidence in the record or based on the proper legal standards. Accordingly, claimant's Motion for

1   Summary Judgment is GRANTED, the Commissioner's Cross Motion for Summary Judgment is

2   DENIED.  This matter is remanded to the Commissioner pursuant to sentence four of 42 U.S.C.

3   §405(g) for further findings in accordance with this order.

4   DATED: 4/12/06

5                                   /s/ Gregory G. Hollows

6                                   U.S. Magistrate Judge

GGH/kr

7   Baldassari2622.ss.rmd2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26